**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LEON O'HARA V, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 4:24-cv-503-JAR |
| RICHARD FAIRBANK, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Leon O'Hara V's Motion for a Refund (ECF No. 8) and Defendant Richard Fairbank's Motion to Dismiss Plaintiff's Complaint. ECF No. 12. For the following reasons, Plaintiff's motion will be denied, and Defendant's motion will be granted.

Plaintiff originally filed this action in Missouri small claims court against Defendant for an alleged violation of House Joint Resolution 192 ("HJR 192"), a 1933 law which took the United States off the gold standard. 31 U.S.C. § 5118. Plaintiff claims that Defendant, the Chairman and Chief Executive Officer of Capital One Financial Corporation, violated HJR 192 by turning off Plaintiff's credit card account and trying to charge him $200 to active a new card.

Defendant removed the case to this Court on April 3, 2024. The next day, Plaintiff filed a Pro Se Motion for Refund (ECF No. 8), claiming that "on a date in the year of 2023 there was an associate filing fee in the total of $20.50 or more," and "since June 5, 1933, no one has been able to lawfully pay a debt or demand a certain form of currency if they went to receive if it is to be requested to be paid dollar for dollar." ECF No. 8. Plaintiff also claims that "in section 4 of the

constitution, neither the US nor any state assume or pay any debt; and such debts obligations and claims shall be held illegal and void." *Id.*

Defendant moved to dismiss on April 22, 2024, arguing that (1) HJR 192 does not create a private cause of action, (2) Plaintiff has not asserted any claim or allegations against Defendant, and (3) actions against CEOs are improper absent evidence they were personally involved in the alleged conduct, and (4) the Court lacks personal jurisdiction over Defendant. Plaintiff did not respond to Defendant's motion, and on May 16, 2024, Defendant filed an unopposed "Notice of Plaintiff's Non-Opposition to Defendant's Motion to Dismiss," arguing that Plaintiff's failure to respond to his Motion to Dismiss is a sufficient basis upon which to dismiss Plaintiff's complaint. ECF No. 15.

Plaintiff's failure to respond to Defendant's Motion to Dismiss is a sufficient basis upon which to dismiss Plaintiff's complaint. *E.g., Huskey v. Colgate-Palmolive Co.*, 486 F. Supp. 3d 1339 (E.D. Mo. 2020) ("Because 'a plaintiff's failure to address a defendant's arguments on a motion to dismiss operates as an abandonment of those claims,' the Court will treat Plaintiffs' failure to address [Defendant's] arguments as a concession."); *see also* Fed. R. Civ. P. 41(b). Moreover, Plaintiff's Pro Se Motion For Refund does not request any relief; it merely reiterates the basics of what has been called the "vapor money" theory: "because the United States went off the gold standard in 1933 with the passage of HJR-192, 'the United States has been bankrupt and lenders have been creating unenforceable debts because they are lending credit rather than legal tender.' " *Estes v. Toyota Fin. Serv.*, No. 14-CV-1300 JFB SIL, 2015 WL 222137, at *5 n.1 (E.D.N.Y. Jan. 13, 2015) (quoting *Lawson v. CitiCorp Trust Bank*, FSB, 2:11–CV–01163 KJM, 2011 WL 3439223 (E.D.Cal. Aug.5, 2011)). This theory has been "universally rejected by every federal court that" has been presented with it. *Id.*

The Court will therefore grant Defendant's motion to dismiss, and it will deny Plaintiff's "Pro Se Motion for Refund" as moot and for failing to request any relief. *See Melendez v. United States*, 518 U.S. 120, 126 (1996) ("[T]he term 'motion' generally means '[a]n application made to a court or judge for purpose of obtaining a rule or order directing some act to be done in favor of the applicant.'") (quoting Black's Law Dictionary 1013 (6th ed.1990)).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Richard Fairbank's Motion to Dismiss [ECF No. 12] is **GRANTED**, and Plaintiff Leon O'Hara V's complaint [ECF No. 1-1] is dismissed without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Pro Se Motion for Refund [ECF No. 8] is **DENIED**.

Dated this 4th day of June 2024.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE